Matter of the Estate of WILLIAM WHITEWRIGHT, Deceased.

(Surrogate's Court, New York County, November, 1914.)

Taxes — assessing transfer tax.
Service — personal — when made by mail double time required — when proceedings dismissed — Code Civ. Pro., § 2529.

In a proceeding to assess a transfer tax, a legatee, devisee or distributee upon whose interest a tax may be assessed is entitled under section 230 of the Tax Law to notice of the application.

The statute does not prescribe the manner in which notice may be given on an application to assess a transfer tax.

Where personal service is made either within or without the state, the requirements of section 2529 of the Code of Civil Procedure as to the number of days which must elapse between the date of service and the return date governs; in case service is made by mail, the time between the mailing of the notice of motion and the return day should be double that required in case of personal service.

Misc.]    Surrogate's Court, New York County, November, 1914.

Proceeding dismissed because remaindermen had not been served with notice of the application to assess a transfer tax, but without prejudice to a renewal of the application.

APPLICATION by the state comptroller to assess a tax upon the value of the life estate of Whitewright Stuart in the remainder after the life estate of his father in a trust fund created by the will of William Whitewright, deceased.

Joseph F. McCloy, for state comptroller.

Miller, King, Lane & Trafford, for Union Trust Company, trustee.

FOWLER, S.  This is an application by the state comptroller to assess a tax upon the value of the life estate of Whitewright Stuart in the remainder after the life estate of his father in a trust fund created by the will of William Whitewright, deceased.  The notice of. motion was served upon the Union Trust Company as trustee of the fund held for the benefit of Whitewright Stuart, but no notice was served on him.  The Union Trust Company has filed an answer in which it raises the preliminary objection that the proceeding should be dismissed because of the failure of the petitioner to serve a notice of the application upon Whitewright Stuart.  In the proceeding to assess a tax upon the estate of William Whitewright, it was determined that the remainder after the life estate of William Whitewright Stuart, the father of Whitewright Stuart, was not subject to a tax, because it could not then be definitely ascertained to whom the remainder would pass.  William Whitewright Stuart died on the 30th of March, 1914, and his son, Whitewright Stuart, then became entitled to a life estate in the remainder after

the life estate of his father.   Section 230 of the Tax Law provides that the appraiser shall " give notice by mail to all persons known to have a claim or interest in the property to be appraised," but it makes no provision for notice when an application is made to the surrogate to assess a tax without the appointment of an appraiser.   It has been held, however, that when an application is made to the surrogate to declare an estate exempt from taxation the state comptroller is entitled to notice.   *Matter of Collins,* 104 App. Div. 185.   In a proceeding to assess a transfer tax, the legatee, devisee or distributee upon whose interest a tax may be assessed, is entitled to notice of the application.   *Matter of McPherson,* 104 N. Y. 306.   As the statute does not prescribe the manner in which notice may be given when a motion is made before the surrogate to assess a tax, I am inclined to think that where personal service is made upon a person, either within or without the state, the requirements of section 2529 of the Code as to the number of days that must elapse between the date of service and the return day should govern.   If personal service is not made, but the notice of motion is mailed to such person, the time between the mailing of the notice and the return day should be double that required in case of personal service.   As Whitewright Stuart has not been served with notice of this application, the proceeding will be dismissed, but without prejudice to its renewal upon the petitioner giving notice to the person or persons upon whose interests a tax may be assessed.

Decreed accordingly.